IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>    Plaintiff,<br><br>  v.<br><br>CHARLES B. HARDING CONSTRUCTION, INC. A California Corporation.,<br><br>    Defendant.<br>_____/ | No. C-09-2053 EDL<br><br>**REPORT AND RECOMMENDATION RE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

## I.   BACKGROUND

On May 11, 2009, Plaintiffs filed a complaint under section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), alleging that Defendant Charles B. Harding Construction, Inc. violated a collective bargaining agreement ("CBA") by failing to make required timely fringe benefit contributions to the Plaintiff Trust Funds. The complaint sought a full audit of Defendant's books, payment of delinquent contributions, to be determined upon completion of said audit, a permanent order enjoining Defendant from failing to submit required contribution reports and payments, and a permanent order enjoining Defendant to timely submit to Plaintiffs reports and contributions due and owing, interest and attorneys' fees and costs.

The parties are signatories to a CBA, which provides that Defendant is required to make timely contributions into certain Trust Funds. Declaration of John Hagan ¶¶ 4, 9. This agreement incorporates the terms of the Cement Masons Master Agreement and the Trust Agreements which govern the Trust Funds. Id. at ¶ 6. The Agreements also provide for an audit of Defendant upon

request of any Trust Fund. Id. at ¶ 13.

On June 9, 2009, Plaintiffs served Defendant with the summons and complaint via substituted service. See June 24, 2009 Summons (Docket No. 4). Defendants failed to answer the complaint or to otherwise defend the action. On August 5, 2009, upon Plaintiffs' request, the Clerk of this Court entered Defendant's default under Federal Rule of Civil Procedure 55(a). On August 18, 2009, Plaintiffs filed and served its Motion for Default Judgment. On September 29, 2009, this Court conducted a hearing in connection with Plaintiffs' motion. Concepcion Lozano-Batista appeared on behalf of Plaintiffs. No appearance was made on Defendant's behalf.

## II.    DISCUSSION

Because Defendant has not appeared in this action, this Court has not secured consent pursuant to 28 U.S.C. § 636(c). Accordingly, the Court makes the following Report and Recommendation:

### A.    Plaintiffs are Entitled to Default Judgment

Plaintiffs served Defendant with their motion for default judgment. Proof of Service, attached to Motion (filed August 18, 2009). A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521(b)(1). Defendant is a corporation and is therefore not a minor, an incompetent person or a person in the military.

In determining whether to grant a default judgment, a court should consider the following factors: (1) the substantive merits of the plaintiff's claim(s); (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to the plaintiff if relief is denied; (5) the possibility of dispute as to any material facts in the case; (6) whether default resulted from excusable neglect; and (7) the strong policy of the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Defendant has failed to respond to the Complaint or otherwise to appear in the proceedings. By its default, Defendant is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages. See Fed. R. Civ. P. 8(d). Accordingly, Defendant concedes that it has a contractual duty to permit Plaintiffs to conduct an audit, and that it has

2

1  breached that duty.  See Complaint ¶¶ 8, 15.  The probability of dispute as to any material facts is
2  low, since the parties executed written agreements, and the default did not result from any excusable
3  neglect.  See Hagan Decl. & Exs. A-F.  Plaintiffs would also suffer prejudice if relief is not granted
4  because without an audit, Plaintiffs cannot prove any unpaid contributions or the resulting damages.
5  See Hagan Decl. at ¶ 15.

6  Given Defendant's failure to appear or to settle the dispute, the sufficiency of Plaintiffs'
7  Complaint, and the apparent merit of Plaintiffs' substantive claims, the Court recommends that
8  default judgment be entered against Defendant.  See Fed.R.Civ.P. 55(b); Eitel, 782 F.2d 1470.

### B.  Equitable Relief

Section 1132 of ERISA authorizes the Court to award "such other legal or equitable relief as the court deems appropriate."  29 U.S.C. §1132(g)(2)(E).  According to Plaintiffs' un-rebutted allegations, Defendants have breached the CBA by, among other things, refusing to submit to an audit of sufficient scope to allow Plaintiffs to determine whether Defendant has fulfilled its obligations under the CBA and its incorporated Agreements.  Compl. at ¶ 15.  Plaintiffs seek an order compelling Defendants to submit to such an audit.

Since Plaintiffs have produced evidence that the governing Trust Agreements obligate Defendant to submit to the audit requested by Plaintiffs, and that Defendant has not done so, Plaintiffs have demonstrated that injunctive relief is appropriate.  See Hagan Decl. at ¶ 13 & Ex. D (Master Agreement) at 18 § G.

In order to conduct the audit, Plaintiffs seek auditor access to Defendant's books and records for the period of February 1, 2006 through the present date.  Hagan Decl. at ¶ 11.  Therefore, the Court recommends that judgment be entered compelling Defendant to submit the requested books and records, as described above, to Plaintiffs' designated auditor.

### C.  Attorneys' Fees and Costs

Section 1132 of ERISA requires the Court to award plaintiffs "reasonable attorney's fees and costs of the action" when plaintiffs obtain a judgment in their favor or otherwise obtain the relief sought.  29 U.S.C. §1132(g)(2)(D); Northwest Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 258 (9th Cir. 1996).  Plaintiffs seek reimbursement in the amount of $5,962.50 for attorneys' fees and

3

1  $710.97 for costs incurred. Supplemental Decl. of Concepcion Lozano-Batista, ¶¶ 4. Having
2  reviewed Plaintiffs' itemization of these fees and costs, the Court determines that the amounts
3  requested by Plaintiffs are reasonable, with one minor exception. Plaintiffs requested fees of $62.50
4  for brief review of the file by one attorney whose background and qualifications have not been
5  supported by declaration. See id. ¶¶ 4-6; Decl. of Concepcion Lozano-Batista, ¶¶ 4-6. Therefore,
6  the Court recommends that a judgment be entered against Defendant for attorneys' fees in the
7  amount of $5,900.00 and for costs in the amount of $710.97, as well as any additional attorneys'
8  fees and costs incurred in the conclusion of the audit, according to proof and upon declaration to the
9  Court.

### D.  Additional Monetary Relief

Plaintiffs seek payment of outstanding sums ascertained from the audit, as well as liquidated damages and interest on said sums. See Notice of Motion and Motion For Default Judgment 4 & Compl. at 7. In an action to enforce payment of delinquent contributions, "the court shall award the plan – (A) the unpaid contributions, (B) interest on the unpaid contributions, (c) . . . (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2). Liquidated damages are "mandatory and not discretionary" if "the following three requirements [are] satisfied: (1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award." Northwest Administrators, Inc. v. Albertson's Inc., 104 F.3d 253 (9th Cir. 1996) citing Idaho Plumbers & Pipefitters v. United Mechanical Contractors, Inc., 875 F.2d 212 (9th Cir. 1989).

The Court recommends that Plaintiffs be permitted, upon completion of the subject audit, to submit a declaration which: (1) itemizes and calculates Defendant's unpaid contributions, if any, (2) establishes Plaintiffs' entitlement to liquidated damages with respect to the three requirements above, (3) specifies and quotes the provisions in the Agreements which authorize the requested relief, including but not limited to liquidated damages, and includes as exhibits the relevant portions

of the Agreements,[1] (4) and itemizes and calculates the amount and type of relief authorized by the Agreements.  The Court further recommends that, if Plaintiffs file such a declaration, they be granted the relief that has been requested, according to proof.

Lastly, Plaintiffs request that the Court retain jurisdiction over this case in order to enforce its Order.  This request is reasonable and the Court recommends that it be granted.

**II.   CONCLUSION**

For the reasons set forth above, and for good cause shown, It Is Hereby Recommended that the following default judgment be entered:

This Court having previously entered default against Defendant, and Plaintiffs having applied to this Court for the entry of default judgment,

IT IS ORDERED that:

1. Within ten (10) days of the issuance of this Order, Defendant will submit to an audit by auditors selected by the Trust Funds, covering the time period beginning February 1, 2006 to the present date, at the premises of the Defendant, or location where the records are kept, during business hours, at a reasonable time or times, and to allow said auditors to examine and copy such books, records, papers, reports of Defendant relevant to the enforcement of the collective bargaining agreement or the Trust Agreements, including but not limited to the following: individual earning records (compensation); W-2 forms; 1096 and 1099 forms; reporting forms for all Trust Funds; State DE-3 tax reports; workers compensation insurance report; employee time cards; payroll journal; quarterly payroll tax returns (form 941); check register and supporting cash voucher; Form 1120-1040 or partnership tax returns; general ledger – (portion relating to payroll audit).

2. Attorneys' fees and costs are awarded to Plaintiffs in the amount of $5,900.00 for attorneys' fees and $710.97 for costs.

3. An accounting be had between Plaintiffs and Defendant.

4. Pursuant to Plaintiffs' prayer for certain types of relief in amounts to be determined

---

[1] In their papers, Plaintiffs state that they are entitled to relief pursuant to the terms of the Agreements, but they do not cite the specific terms of the Agreements that so entitle them.  See Compl. at ¶ 6; Notice of Mot. and Mot. for Default J. 3:11, 4:19-24.

5

|   | according to proof, Plaintiffs may submit a declaration to this Court which: |
|---|---|
| a. | itemizes and calculates Defendant's unpaid contributions, if any, |
| b. | sets forth the factual basis of Plaintiffs' legal entitlement to liquidated damages and interest on said sums, |
| c. | specifies and quotes the provisions in the Agreements which authorize the requested relief, including but not limited to liquidated damages and interest thereon, and includes as exhibits the relevant portions of the Agreements, and |
| d. | itemizes and calculates the amount and type of relief authorized by the Agreements. |

This Court shall retain jurisdiction until it determines that Defendant has satisfied its obligations under the Order.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy . See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO RECOMMENDED.**

Dated: October 6, 2009

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California